UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2012
APRIL 16, 2013 SESSION

**FILED**

APR 17 2013

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v.

|  |  |
|---|---|
| | CRIM. NO. 2:13-cr-00091 |
| | 18 U.S.C. § 1951 |
| | 18 U.S.C. § 924(o) |
| ROBERT L. BARCLIFF | 18 U.S.C. § 924(c)(1)(A) |
| ROBERT JARED SMITH | 18 U.S.C. § 922(g)(1) |
| BRANDON A. DAVIS | 18 U.S.C. § 924(a)(2) |
| DARRELL E. GILLESPIE | 26 U.S.C. § 5861(d) |
| KEITH I. GLENN | 26 U.S.C. § 5871 |
| JOE L. CROFT | 18 U.S.C. § 3 |
| | 18 U.S.C. § 1512(k) |
| | 18 U.S.C. § 924(*l*) |
| | 18 U.S.C. § 2119 |
| | 18 U.S.C. § 2 |

## S U P E R S E D I N G  I N D I C T M E N T

The Grand Jury Charges:

### COUNT ONE
#### (Conspiracy to Commit Armed Robberies)

#### The Conspiracy

1.    From in or about mid-January 2012 but no later than January 18, 2012, to on or about May 27, 2012, in various locations in Kanawha County and Cabell County, West Virginia, within the Southern District of West Virginia, and elsewhere, defendants ROBERT L. BARCLIFF, ROBERT JARED SMITH, BRANDON A.

DAVIS, DARRELL E. GILLESPIE, KEITH I. GLENN, and JOE L. CROFT knowingly conspired with each other, and with others known and unknown to the Grand Jury, to obstruct, delay, and affect interstate commerce, and the movement of articles and commodities in interstate commerce, by robbery, in that the defendants and their co-conspirators knowingly conspired to unlawfully take and obtain personal property, including controlled substances, firearms and United States currency, from the person and presence of others, against their will, and by means of actual and threatened force, violence, and fear of immediate injury to their persons and property and to the persons and property of anyone in their company at the time of the taking and obtaining.

<u>Manner and Means of the Conspiracy</u>

2.  It was a part of the conspiracy that the defendants and other conspirators, both known and unknown to the Grand Jury, would and did commit armed, "home-invasion" robberies of people they believed to be drug dealers, in order to steal drugs, United States currency, and firearms.

3.  It was further a part of the conspiracy that defendant ROBERT L. BARCLIFF would and did direct others in the conspiracy, acting as the head or leader of the group of armed, home-invasion robbers.

2

4.   It was further a part of the conspiracy that defendant ROBERT L. BARCLIFF would and did recruit and enlist others to identify drug dealers who would be potential targets for an armed, home-invasion robbery.

5.   It was further a part of the conspiracy that defendant ROBERT L. BARCLIFF would and did target drug dealers or people thought to be drug dealers, because, he believed, those drug dealers would possess drugs, United States currency and possibly firearms, and would not be likely to report any robbery to the police because of their own unlawful activities.

6.   It was further a part of the conspiracy that prior to most of the armed, home-invasion robberies being committed, defendant ROBERT L. BARCLIFF would and did conduct surveillance of the residences of the people that others in the conspiracy had identified as drug dealers.

7.   It was further a part of the conspiracy that defendant ROBERT L. BARCLIFF would and did use a group of people that he referred to as his "crew" to actually commit the armed, home-invasion robberies, which defendant ROBERT L. BARCLIFF referred to as "licks."   The crew included, among others, defendants BRANDON A. DAVIS, DARRELL E. GILLESPIE, and KEITH I. GLENN, all of whom would and did travel to the Southern District of West Virginia from Virginia, at the request of defendant ROBERT L. BARCLIFF, for each "lick" in which they participated.

3

8.    It was further a part of the conspiracy that the conspirators would and did carry out or otherwise participate in armed, home-invasion robberies or attempted armed, home-invasion robberies in the Southern District of West Virginia and elsewhere, including:

a.    On or about January 18, 2012, an armed robbery at the home of a person known to the Grand Jury (the First Known Person), in or near the South Hills section of Charleston, Kanawha County, West Virginia, during which the robbers stabbed and shot the First Known Person and robbed him of United States currency;

b.    On or about March 8, 2012, an attempted robbery of a person believed to be a drug dealer, in or near Huntington, Cabell County, West Virginia, during which the robbers mistakenly entered the wrong building;

c.    In approximately mid-March 2012, an armed robbery at the home of a person known to the Grand Jury (the Second Known Person) in Marmet, Kanawha County, West Virginia, during which the robbers discharged a firearm in the Second Known Person's apartment and robbed drugs and/or United States currency valued at approximately $5,000;

d.    On or about March 22, 2012, an armed robbery and attempted armed robbery of a person known to the Grand Jury (the Third Known Person) in or near Dunbar, Kanawha County,

4

West Virginia, during which the robbers struck the Third Known Person, and attempted to bind his wrists using "zip-ties" and to force their way into the Third Known Person's apartment at gunpoint;

e.   In approximately early May 2012, an armed robbery of a person known to the Grand Jury (the Fourth Known Person), in or near Mink Shoals, Kanawha County, West Virginia, during which the robbers bound the Fourth Known Person using zip-ties and then robbed him of marijuana plants, United States currency, and a firearm;

f.   On or about May 21, 2012, an armed robbery of a person known to the Grand Jury (the Fifth Known Person), in or near South Charleston, Kanawha County, West Virginia, during which the robbers bound the Fifth Known Person using zip-ties, carjacked the Fifth Known Person's BMW automobile and robbed United States currency belonging to the Fifth Known Person that was stored in the BMW; and

g.   In approximately late May 2012 but not later than May 27, 2012, an attempted armed robbery of a person unknown to the Grand Jury, in or near Roanoke, Virginia, during which the robbers were unable to force their way into the person's residence.

In violation of 18 U.S.C. § 1951.

5

## COUNT TWO

### (Conspiracy to Use Firearms in Crimes of Violence)

1.    The  Grand  Jury  re-alleges  and  incorporates  by reference  paragraphs  2  through  8  of  Count  One  of  this Superseding Indictment as if fully set forth herein.

2.    From  in  or  about  mid-January  2012  but  no  later  than January  18,  2012,  to  in  or  about  May  27,  2012,  in  various locations  in  Kanawha  County,  West  Virginia,  within  the  Southern District  of  West  Virginia,  and  elsewhere,  defendants  ROBERT  L. BARCLIFF,  ROBERT  JARED  SMITH,  BRANDON  A.  DAVIS,  DARRELL  E. GILLESPIE,  KEITH  I.  GLENN  and  JOE  L.  CROFT  knowingly  conspired with  each  other,  and  with  others  known  and  unknown  to  the  Grand Jury,  to  commit  offenses  in  violation  of  18  U.S.C.  §  924(c), that  is,  to  use  and  carry  firearms  during  and  in  relation  to crimes  of  violence  for  which  they  may  be  prosecuted  in  a  court of  the  United  States,  that  is,  robberies  affecting  interstate commerce in violation of 18 U.S.C. § 1951.

In violation of 18 U.S.C. § 924(o).

## COUNT THREE

### (Robbery Affecting Interstate Commerce)

On or about January 18, 2012, in or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendants ROBERT L. BARCLIFF and BRANDON A. DAVIS, aided and abetted by each other and other persons known and unknown to the Grand Jury, did knowingly obstruct, delay, and affect interstate commerce and the movement of articles and commodities in interstate commerce, by robbery, and attempt so to do.

In violation of 18 U.S.C. §§ 1951 and 2.

## COUNT FOUR

### (Use of Firearms in a Crime of Violence)

On or about January 18, 2012, in or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendants ROBERT L. BARCLIFF and BRANDON A. DAVIS did knowingly use, carry, and brandish firearms, and did discharge one of those firearms, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, robbery affecting interstate commerce in violation of 18 U.S.C. § 1951.

In violation of 18 U.S.C. § 924(c)(1)(A) and Pinkerton v. United States, 328 U.S. 640 (1946).

8

## COUNT FIVE

### (Attempted Robbery Affecting Interstate Commerce)

On or about March 8, 2012, in or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia, defendants BRANDON A. DAVIS, DARRELL E. GILLESPIE, and KEITH I. GLENN, aided and abetted by each other, did knowingly attempt to obstruct, delay, and affect interstate commerce and the movement of articles and commodities in interstate commerce, by robbery.

In violation of 18 U.S.C. §§ 1951 and 2.

## COUNT SIX

### (Robbery Affecting Interstate Commerce)

In approximately mid-March 2012, in or near Marmet, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendants ROBERT L. BARCLIFF and ROBERT JARED SMITH, aided and abetted by each other and other persons known and unknown to the Grand Jury, did knowingly obstruct, delay, and affect interstate commerce and the movement of articles and commodities in interstate commerce, by robbery, and attempt so to do.

In violation of 18 U.S.C. §§ 1951 and 2.

## COUNT SEVEN

### (Use of Firearms in a Crime of Violence)

In approximately mid-March 2012, in or near Marmet, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendants ROBERT L. BARCLIFF and ROBERT JARED SMITH did knowingly use, carry, and brandish firearms, and did discharge one of those firearms, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, robbery affecting interstate commerce in violation of 18 U.S.C. § 1951.

In violation of 18 U.S.C. § 924(c)(1)(A) and Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT EIGHT

### (Felon in Possession of a Firearm)

1.    In approximately mid-March 2012, in or near Marmet, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant ROBERT JARED SMITH did knowingly possess a firearm, that is, a loaded handgun, in and affecting interstate commerce.

2.    At the time defendant ROBERT JARED SMITH possessed the firearm, he had been convicted of a crime punishable by imprisonment for a term exceeding one year, 18 U.S.C. § 921(a)(20), that is, convicted on or about July 13, 2000, in the United States District Court for the Southern District of West Virginia, of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846, and aiding and abetting the possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT NINE

### (Robbery Affecting Interstate Commerce)

On or about March 22, 2012, in or near Dunbar, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendants BRANDON A. DAVIS, DARRELL E. GILLESPIE, and KEITH I. GLENN, aided and abetted by each other, did knowingly obstruct, delay, and affect interstate commerce and the movement of articles and commodities in interstate commerce, by robbery, and attempt so to do.

In violation of 18 U.S.C. §§ 1951 and 2.

## COUNT TEN

### (Use of Firearms in a Crime of Violence)

On or about March 22, 2012, in or near Dunbar, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendants BRANDON A. DAVIS, DARRELL E. GILLESPIE, and KEITH I. GLENN did knowingly use, carry, and brandish firearms during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, robbery affecting interstate commerce in violation of 18 U.S.C. § 1951.

In violation of 18 U.S.C. § 924(c)(1)(A) and Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT ELEVEN

### (Possession of Unregistered Machine Gun)

On or about March 22, 2012, in or near Cross Lanes, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant DARRELL E. GILLESPIE did knowingly possess a Chinese-manufactured Model 56-1 (AK-47 replica) 7.62 x 39 mm caliber firearm, which is a machine gun as defined by 26 U.S.C. §§ 5845(a)(6) and 5845(b), and which was not registered to him in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5861(d) and 5871.

## COUNT TWELVE

### (Felon in Possession of Ammunition)

1.   On or about March 22, 2012, in or near Cross Lanes, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant KEITH I. GLENN did knowingly possess ammunition, that is, two rounds of 9 mm ammunition, in and affecting interstate commerce.

2.   At the time defendant KEITH I. GLENN possessed the ammunition, he had been convicted of a crime punishable by imprisonment for a term exceeding one year, as defined in 18 U.S.C. § 921(a)(20), that is, convicted on or about July 6, 2004, in the Circuit Court of the City of Colonial Heights, Virginia, of Robbery, in violation of Va. Code Section 18.2-58, and of Conspiracy, in violation of Va. Code Section 18.2-22.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT THIRTEEN

### (Accessory After the Fact)

On or about March 22, 2012, in or near South Charleston and Cross Lanes, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant ROBERT L. BARCLIFF, knowing that offenses against the United States had been committed, that is, robbery and attempted robbery affecting interstate commerce in violation of 18 U.S.C. § 1951, did knowingly receive, relieve, comfort, and assist the offenders, in order to hinder and prevent their apprehension, trial and punishment.

In violation of 18 U.S.C. § 3.

## COUNT FOURTEEN
### (Conspiracy to Obstruct Justice)

From in or about March 22, 2012, to on or about July 7, 2012, at or near South Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, and elsewhere, defendants ROBERT L. BARCLIFF and KEITH I. GLENN knowingly conspired to commit offenses in violation of 18 U.S.C. 1512(c), that is, to corruptly destroy and conceal certain objects, i.e., firearms, with the intent to impair the objects' integrity and availability for use in an official proceeding.

In violation of 18 U.S.C. § 1512(k).

## COUNT FIFTEEN

### (Robbery Affecting Interstate Commerce)

In approximately early May 2012, in or near Mink Shoals, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant ROBERT L. BARCLIFF and persons known to the Grand Jury, aided and abetted by each other, did knowingly obstruct, delay, and affect interstate commerce and the movement of articles and commodities in interstate commerce, by robbery, and attempt so to do.

In violation of 18 U.S.C. §§ 1951 and 2.

## COUNT SIXTEEN

### (Use of Firearm in a Crime of Violence)

In approximately early May 2012, in or near Mink Shoals, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant ROBERT L. BARCLIFF did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, robbery affecting interstate commerce in violation of 18 U.S.C. § 1951.

In violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT SEVENTEEN

### (Stealing a Firearm)

In approximately early May 2012, in or near Mink Shoals, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant ROBERT L. BARCLIFF did knowingly steal a firearm, that is, a 9 mm Taurus semi-automatic pistol, which had moved in interstate commerce.

In violation of Title 18, United States Code, Section 924(*l*).

## COUNT EIGHTEEN

### (Robbery Affecting Interstate Commerce)

On or about May 21, 2012, in or near South Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendants ROBERT L. BARCLIFF and JOE L. CROFT, and persons known and unknown to the Grand Jury, aided and abetted by each other, did knowingly obstruct, delay, and affect interstate commerce and the movement of articles and commodities in interstate commerce, by robbery, and attempt so to do.

In violation of 18 U.S.C. §§ 1951 and 2.

## COUNT NINETEEN
### (Carjacking)

On or about May 21, 2012, in or near South Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendants ROBERT L. BARCLIFF and JOE L. CROFT, with the intent to cause death and serious bodily harm, did knowingly take a motor vehicle that had been transported, shipped, and received in interstate commerce and foreign commerce, from the person and presence of another by force, violence, and intimidation.

In violation of 18 U.S.C. § 2119 and Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT TWENTY

### (Use of Firearms in Crimes of Violence)

On or about May 21, 2012, in or near South Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendants ROBERT L. BARCLIFF and JOE L. CROFT did knowingly use, carry, and brandish firearms during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, that is, robbery and attempted robbery affecting interstate commerce in violation of 18 U.S.C. § 1951, and carjacking in violation of 18 U.S.C. § 2119.

In violation of 18 U.S.C. § 924(c)(1)(A) and Pinkerton v. United States, 328 U.S. 640 (1946).

**FORFEITURE**

1.     The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 8 of Count One of this Superseding Indictment for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1951, the defendants, ROBERT L. BARCLIFF, ROBERT JARED SMITH, BRANDON A. DAVIS, DARRELL E. GILLESPIE, KEITH I. GLENN, AND JOE L. CROFT, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.  The property to be forfeited includes, but is not limited to, the following:  The sum of $14,000.00, more or less, in that such sum in aggregate constitutes the gross proceeds derived by the defendants as a result of and during the course of the conspiracy offense charged in Count One of the this Superseding Indictment, and for which sum the United States will seek the entry of a judgment.

3.     If any of the property described above, as a result of an act or omission of the defendants:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

25

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot
be divided without difficulty,

the United States of America shall be entitled to forfeiture of
substitute property pursuant to Title 21, United States Code, Section
853(p), as incorporated by Title 28, United States Code, Section
2461(c), including but not limited to, the following:

1.     A 2005 Chrysler 300C bearing vehicle identification number
2C3JA63H65H634068 said vehicle being titled solely in the name of
defendant ROBERT L. BARCLIFF.

R. BOOTH GOODWIN II
United States Attorney

By:  _____
MONICA D. COLEMAN
Assistant United States Attorney

By:  _____
PHILIP H. WRIGHT
Assistant United States Attorney