UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:13-cr-00091-04

DARRELL E. GILLESPIE.

### MEMORANDUM OPINION AND ORDER

Pending is Defendant Darrell E. Gillespie's Motion for Judgment of Acquittal and to Vacate His Convictions on Counts Six and Twelve of the Fifth Superseding Indictment [Doc. 957].

Following review of the United States' Briefing in Response to Court's July 2, 2019, Order [Doc. 936], the Defendant's Supplemental Memorandum Regarding *United States v. Davis* and Its Effect [Doc. 937], the United States' Sentencing Memorandum [Doc. 940], Defendant Darrell E. Gillespie's Sentencing Memorandum [Doc. 943], the briefing on this motion [Docs. 958, 959], and the extensive record, the matter is ready for adjudication.

I.

**A.  The Indictment**

The operative charging instrument, namely, the Fifth Superseding Indictment ("the Indictment"), alleges Mr. Gillespie committed the following offenses against the United States:

**Count One**: Conspiracy to Commit Armed Robberies, in violation of 18 U.S.C. § 1951;[1]

---

[1] Section 1951 is commonly known as "the Hobbs Act." The Hobbs Act criminalizes a robbery that "affect[s] commerce." *Taylor v. United States*, 136 S. Ct. 2074, 2077 (2016).

**Count Two**: Conspiracy to Use Firearms in Crimes of Violence, in violation of 18 U.S.C. § 924(o);

**Count Five**: Robbery and Aiding and Abetting, and Attempting to Do So, Affecting Interstate Commerce, in violation of 18 U.S.C. §§ 1951 and 2;

**Count Six**: Use, Carry, and Brandishing of Firearms in a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) and *Pinkerton v. United States*, 328 U.S. 640 (1946);

**Count Ten**: Possessing, Concealing, and Storing Stolen Firearms and Ammunition, in violation of 18 U.S.C. §§ 922(j), 924(a)(2), and 2;

**Count Eleven**: Robbery and Aiding and Abetting, and Attempting to Do So, Affecting Interstate Commerce, in violation of 18 U.S.C. §§ 1951 and 2;

**Count Twelve**: Use, Carry, and Brandishing of Firearms in a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) and *Pinkerton v. United States*, 328 U.S. 640 (1946);

**Count Fourteen**: Conspiracy to Obstruct Justice, in violation of 18 U.S.C. § 371.

[Doc. 419].

### 1. Count Six

Count Six of the Indictment, alleging the Use, Carry and Brandishing of Firearms in a Crime of Violence, states as follows:

> The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 6 of Count One of this Fifth Superseding Indictment as if fully set forth herein.
>
> On or about December 13, 2011, in or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant DARRELL E. GILLESPIE did knowingly use, carry, and brandish firearms, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, robbery affecting interstate commerce in violation of 18 U.S.C. § 1951.
>
> In violation of Title 18, United States Code, Section 924(c)(1)(A), and Pinkerton v. United States, 328 U.S. 640 (1946).

[Doc. 419 at 11]. Count Six references the robbery that occurred on December 13, 2011. That same crime of violence is alleged in both Counts One and Two. Respecting Count One, it is charged as

the means of commission of the conspiracy there charged. Count One provides, in pertinent part, as follows:

> It was further a part of the conspiracy that the conspirators would and did carry out or otherwise participate in armed, home-invasion robberies or attempted armed, home-invasion robberies in the Southern District of West Virginia and elsewhere, including:
> . . .
>> On or about December 13, 2011, an armed robbery at the home of a person known to the Grand Jury ("T.D."), in or near the Kanawha City section of Charleston, West Virginia, during which the robbers rushed into T.D.'s apartment while T.D. was caring for his two young children, struck T.D. in the head with a firearm, and robbed him of several hundred dollars in cash . . . .

[*Id.* at 3–4]. As to Count Two, it is alleged within the time frame encompassing the aforementioned December 13, 2011, robbery as follows:

> The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 6 of Count One of this Fifth Superseding Indictment as if fully set forth herein.
>
> From in or about September 2011 to at least on about May 21, 2012, in various locations in Kanawha County and McDowell County, West Virginia, within the Southern District of West Virginia, and elsewhere, defendants JAMAA I. JOHNSON and DARRELL E. GILLESPIE, knowingly conspired with each other, and with others known and unknown to the Grand Jury, to commit offenses in violation of 18 U.S.C. § 924(c), that is, to use and carry firearms during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, that is, robberies affecting interstate commerce and conspiracy to commit such robberies, in violation of 18 U.S.C. § 1951.
>
> In violation of Title 18, United States Code, Section 924 (o).

[*Id.* at 7].

Count Five further charged the Defendant with Hobbs Act robbery and aiding and abetting for the December 13, 2011, offense:

> The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 6 of Count One of this Fifth Superseding Indictment as if fully set forth herein.
>
> On or about December 13, 2011, in or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant DARRELL

3

> E. GILLESPIE, and Robert L. Barcliff, Brandon A. Davis and Keith I. Glenn (not named as defendants), aided and abetted by each other, did knowingly obstruct, delay, and affect interstate commerce and the movement of articles and commidities in interstate commerce, by robbery, and attempt to do so.
>
> In violation of Title 18, United States Code, Sections 1951 and 2.

[*Id.* at 10].

### 2. Count Twelve

Count Twelve of the Indictment, like Count Six, also alleges the Use, Carry, and Brandishing of Firearms in a Crime of Violence, and states as follows:

> The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 6 of Count One of this Fifth Superseding Indictment as if fully set forth herein.
>
> On or about March 22, 2012, in or near Dunbar, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant DARRELL E. GILLESPIE did knowingly use, carry, and brandish firearms during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, robbery affecting interstate commerce in violation of 18 U.S.C. § 1951.
>
> In violation of Title 18, United States Code, Section 924(c)(1)(A), and Pinkerton v. United States, 328 U.S. 640 (1946).

[Doc. 419 at 18].

The March 22, 2012, robbery was also charged as a means of commission of the conspiracy to commit Hobbs Act robberies alleged in Count One. Specifically,

> It was further a part of the conspiracy that the conspirators would and did carry out or otherwise participate in armed, home-invasion robberies or attempted armed, home-invasion robberies in the Southern District of West Virginia and elsewhere, including:
>
> . . .
>
> > On or about March 22, 2012, at approximately 8:49 p.m., an armed robbery and attempted armed robbery of a person known to the Grand Jury ("P.C.S.") in or near Dunbar, Kanawha County, West Virginia, during which the robbers struck P.C.S., and attempted to bind his wrists using zip-ties and to force their way into P.C.S.'s

4

apartment at gunpoint . . . .

[*Id.* at 3–5]. This same Hobbs Act robbery also falls within the temporal parameters of the firearms conspiracy quoted earlier from Count Two, the object of which was to commit from September 2011 to May 21, 2012, "robberies affecting interstate commerce . . . in violation of 18 U.S.C. § 1951." [*Id.* at 7]. Count Eleven also charged the Defendant with Hobbs Act robbery and aiding and abetting in relation to the March 22, 2012, offense. Specifically,

> The Grand Jury re-alleges and incorporates by reference paragrahps 1 through 6 of Count One of this Fifth Superseding Indictment as if fully set forth herein.
>
> On or about March 22, 2012, in or near Dunbar, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant DARRELL E. GILLESPIE, and Brandon A. Davis and Keith I. Glenn (not named as defendants), aided and abetted by each other, did knowingly obstruct, delay, and affect interstate commerce and the movement of articles and commodities in interstate commerce, by robbery, and attempt so to do.
>
> In violation of Title 18, United States Code, Sections 1951 and 2.

[*Id.* at 17].

### B. The Instructions

The jury was instructed, "The offense alleged in Count One, conspiracy to commit robberies that affect interstate commerce, and the offenses alleged in Counts . . . Five . . . and Eleven, robbery affecting interstate commerce, are crimes of violence." [Doc. 656 at 26]. The jury was further instructed that there were two possible predicates for the § 924(c)(1)(A) offenses alleged in Counts Six and Twelve.

First, the jury could convict for the use of a firearm in connection with the "underlying charges of robbery affecting interstate commerce, as charged in Counts . . . Five . . . and Eleven." [*Id.* at 28]. Second, the jury could convict for the use of a firearm in connection with "the underlying charge of conspiracy to commit robberies contained in Count One." [*Id.* at 29].

5

Importantly, the Court included within its instructions additional information respecting how the verdict as to Count One—taken along with well-settled *Pinkerton* liability principles—might further inform the jurors' deliberations on the predicates for Counts Six and Twelve. *Compare* Doc. 656 at 29-30, *with* 2 Kevin F. O'Malley et al., Fed. Jury Prac. & Instr. § 31:10 (6th ed. elec. 2021).

**C.     The Verdict**

On January 28, 2015, after a two-week trial, a jury convicted the Defendant on all Counts. [Doc. 659]. The verdict form provides additional insight respecting the jury's split findings as to the predicate offenses alleged for the § 924(c)(1)(A) crime charged in Count Six:

> Question 9. As to the charge of Robbery Affecting Interstate Commerce in violation of Title 18, United States Code, Sections 1951 and 2 contained in Count Five of the Indictment we the jury find the Defendant, Darrell E. Gillespie:
>
>    __X__ GUILTY                       _____ NOT GUILTY
>
> Question 10. If you found the Defendant, Darrell E. Gillespie, not guilty in Question 9 above, do not provide an answer to this Question 10. As to the charge of Use of Firearms in a Crime of Violence in violation of Title 18, United States Code, Section 924(c)(1)(A) contained in Count Six of the Indictment arising out of the charge of Robbery Affecting Interstate Commerce in Count Five, we the jury find the Defendant Darrell E. Gillespie:
>
>    _____ GUILTY                       __X__ NOT GUILTY
>
> Question 11. Regardless of your answer to Question 10 above, answer this Question 11 if you found the Defendant, Darrell E. Gillespie, guilty of the charge of Conspiracy to Commit Armed Robberies in violation of Title 18, United States Code, Section 1951 contained in Count One of the Indictment. As to the charge of Use of Firearms in a Crime of Violence in violation of Title 18, United States Code, Section 924(c)(1)(A) contained in Count Six of the Indictment arising out of the acts of a co-conspirator, we the jury find the Defendant, Darrell E. Gillespie:
>
>    __X__ GUILTY                       _____ NOT GUILTY
>
> Question 12. Answer this Question 12 only if you found the Defendant, Darrell E. Gillespie, guilty in either Question 10 or Question 11 above. As to the charge of

6

Use of Firearms in a Crime of Violence in violation of Title 18, United States Code, Section 924(c)(1)(A) contained in Count Six of the Indictment, we the jury find the Defendant, Darrell E. Gillespie:

|  |  |
|---|---|
| \_\_\_\_\_ USED A FIREARM | \_\_X\_\_ CARRIED A FIREARM |
| \_\_\_\_\_ BRANDISHED A FIREARM | |

[*Id.* at 3–4].

In contrast, as to Count Twelve, the jury found the Defendant guilty of the § 924(c)(1)(A) violation based on both the Count One and Count Eleven predicate offenses. The jury additionally found that the Defendant brandished, rather than used or carried, a firearm in relation to Count Twelve. [*Id.* at 6–7].

Following the verdict, the Defendant was granted several extensions to file post-trial motions. He was ultimately granted leave to file additional post-trial motions and, most recently, a Motion for Judgment of Acquittal and to Vacate His Convictions on Counts Six and Twelve of the Fifth Superseding Indictment [Doc. 957].

## II.

Final disposition in this matter has been delayed for a period of years as a result of the predecessor judges in this matter awaiting—and reacting to—the developing law pertaining to Counts Six and Twelve, along with the undersigned Judge familiarizing himself with the record, ordering additional briefing, reacting to the same developments, and those more recent ones occurring up to the days preceding this writing. The matter is now ready for adjudication.

As noted, Counts Six and Twelve involve violations of 18 U.S.C. § 924(c)(1)(A), which requires a mandatory minimum sentence for a defendant who has possessed, used, carried, brandished, or discharged a firearm during and in relation to, or in furtherance of, a crime of violence.

To sustain a conviction under § 924(c), the government must prove beyond a reasonable doubt that the accused "during and in relation to any" federal "crime of violence," "uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines a "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," commonly known as the force clause, or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," known as the residual clause. 18 U.S.C. § 924(c)(3).

Shortly after the Defendant's conviction, on June 26, 2015, the Supreme Court decided *Johnson v. United States*, 576 U.S. 591 (2015). The High Court held that the residual clause of the Armed Career Criminal Act was void for vagueness. The analysis in *Johnson* has since been applied to identical language in other statutory provisions. For example, as relevant here, the Supreme Court last year declared unconstitutional the residual clause found in § 924(c)(3). *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Thus, the Defendant's § 924(c)(1)(A) convictions survive only if based upon a crime of violence under the force clause of § 924(c)(3)(A).

Our Court of Appeals has now held that Hobbs Act robbery, as alleged in Counts Five and Eleven, "constitutes a crime of violence under the force clause of Section 924(c)." *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). It has likewise held, however, that conspiracy to commit Hobbs Act robbery is categorically not a crime of violence under the force clause. *See United States v. Simms*, 914 F.3d 229, 233–34 (4th Cir. 2019).

### III.

The Defendant challenges his convictions on both Counts Six and Twelve. As Chief Judge Johnston comprehensively noted in his earlier opinion in this case, the plain error standard is appropriate. *See United States v. Johnson*, No. 2:13-cr-00091-4, 2017 WL 2531582, at *1 (S.D.W. Va. June 9, 2017) ("The plain error standard is an appropriate vehicle to review the supplemental motions because the *Johnson* issue was not raised at trial, and the possibility that this jury instruction was incorrect has serious consequences on the jury's deliberation and its verdicts as to Counts . . . Six, and Twelve of the Indictment.").

Plain-error review requires the Defendant to demonstrate (1) an error; (2) that is plain; and (3) that affects his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Collins*, 982 F.3d 236, 241 (4th Cir. 2020); *United States v. Ramirez-Castillo*, 748 F.3d 205, 212 (4th Cir. 2014). An error affects substantial rights if it is "prejudicial," in that it "affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734; *Collins*, 982 F.3d at 241. Discretionary relief may then be granted if the Defendant is "actually innocent" or the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736 (citations omitted); *Collins*, 982 F.3d at 241.

**A.     Count Six**

As noted, the jury was instructed, *inter alia*, that a "crime of violence" might be found under either the force or residual clauses of § 924(c)(3). It was additionally instructed that Hobbs Act conspiracy qualified as a "crime of violence." An error is plain if, "at the time of appellate consideration, the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Walker*, 934 F.3d 375, 378 (4th Cir. 2019) (quotation marks omitted). In view of the recent decisions in *Davis* (striking the residual clause on vagueness

grounds) and in *Simms* (that conspiracy to commit Hobbs Act robbery does not constitute a crime of violence), the Defendant has alleged a plain error.[3]

The Defendant suggests the Count One Hobbs Act conspiracy is the lone § 924(c)(1)(A) predicate upon which he was found guilty. If that were the case, the clear error would thus appear to affect the Defendant's substantial rights. But the assertion does not withstand close scrutiny.

The Government seeks to avoid vacatur in reliance upon the *Pinkerton* theory of criminal responsibility under which it proceeded from the inception of the case. The distinction urged by the Government is a valid one. For example, in *United States v. Johnson*, 827 F. App'x 283, 285 (4th Cir. Sept. 21, 2020), the defendant, Charles Eloys Johnson, was convicted of two counts of Hobbs Act robbery, one count of Hobbs Act conspiracy, and two counts of possession of a firearm in furtherance of a crime of violence. The convictions were reported on a general verdict form that "did not specify which predicate offense the jury relied on" under § 924(c); the verdict form also failed to "specify whether it found Johnson guilty of violating § 924(c) as a principal, aider and abettor, or co-conspirator." *Id.*

The district court instructed the jury, as here, that both Hobbs Act robbery and Hobbs Act conspiracy qualified as crimes of violence under § 924(c). According to the Court of Appeals, "The court also instructed the jury that Johnson could be found guilty of violating § 924(c) under . . . a co-conspirator, or *Pinkerton*, theory as long as it was 'reasonably foreseeable to [him] that a firearm would be used in furtherance of the conspiracy to commit robbery.'" *Id.* at

---

[3] Having so observed, it bears noting that the trial judge would have qualified as an oracle had he been able to predict the marked shift in the law commencing with *Taylor*. It is also noteworthy that he fashioned a verdict form—with little to no assistance from counsel—which now permits the Undersigned to fully ascertain and credit the jury's findings for purposes of disposition.

285. The Court of Appeals then discussed why *Pinkerton* warranted upholding the challenged verdict:

> *Johnson* . . . cannot establish that [the *Davis* and *Simms*] error[s] "affect[] [his] substantial rights," *Ramirez-Castillo*, 748 F.3d at 212, because the jury could have based the firearms convictions not on conspiracy to commit robbery, but on Hobbs Act robbery charges, which do constitute valid § 924(c) predicates. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). Johnson argues that the latter convictions do not provide valid predicates because the jury could have convicted him under a co-conspirator, or *Pinkerton*, theory, which he believes *Simms*, 914 F.3d 229, foreclosed. *This argument confuses the offense of Hobbs Act conspiracy with the co-conspirator theory of liability for Hobbs Act robbery*. Under the *Pinkerton* doctrine, "a defendant is liable for substantive offenses committed by a co-conspirator *when their commission is reasonably foreseeable and in furtherance of the conspiracy*." *United States v. Blackman*, 746 F.3d 137, 141 (4th Cir. 2014) (quotation marks omitted). This theory of liability "merely represents an alternative form of vicarious liability," *id.*, and we have long-held that "a co-conspirator's § 924(c)(1) violation may be imputed to other members of the conspiracy ... under the *Pinkerton* conspiracy doctrine." *United States v. Cummings*, 937 F.2d 941, 944 (4th Cir. 1991); *accord United States v. Hare*, 820 F.3d 93, 105 (4th Cir. 2016). It is of no moment in this case that the offense of conspiracy to commit Hobbs Act robbery is an invalid § 924(c) predicate following *Simms*, because the *Pinkerton* theory of liability for Hobbs Act robbery remains a valid § 924(c) predicate.

*Id.* at 285–86.

The circumstances here closely align with those in *Johnson*. First, the Gillespie jury was similarly instructed respecting the *Pinkerton* liability theory, as indicated in the recent decision from our Court of Appeals respecting Defendant Gillespie's co-Defendant, Jamaa Johnson. *United States v. Johnson*, 820 F. App'x 199, 203 (4th Cir. 2020) ("The Government had alleged that Johnson violated § 924(c) on two theories — first, that Johnson was liable for his co-conspirators' use of firearms under *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); second, that Johnson had himself used a firearm. The jury had found Johnson guilty on the first theory but had failed to answer whether Johnson was guilty on the second."). More importantly, the jury attributed guilt as to Count Six, unlike the verdict form in the Charles Eloys Johnson case, explicitly on the *Pinkerton* theory, noting Defendant Gillespie was guilty "[a]s to

11

the charge of Use of Firearms in a Crime of Violence . . . *arising out of the acts of a co-conspirator* . . . ." [Doc. 659 at 4].

Several such "acts" are the alleged Hobbs Act robberies occurring on November 30, 2011, December 13, 2011, January 18, 2012, March 22, 2012 (two), late April 2012, early May 2012, and May 21, 2012. All of the robberies are listed under Count One and were alleged as "a part of the [Hobbs Act] conspiracy . . . ." [Doc. 419 at 3]. The following trial testimony respecting the November 30, 2011, robbery, which appears in Chief Judge Johnston's June 9, 2017, memorandum opinion and order, is illustrative:

> [Co-conspirator] Barcliff testified as to a robbery he committed after the Pittsburgh robbery with [Co-conspirator] Johnson and [Co-conspirator] Glenn in Welch or Switchback, West Virginia. (*See* ECF No. 631 at 15–19.) Barcliff stated that he went back to that same residence near Welch "[a]bout three weeks later" with Gillespie, Glenn, and [Co-conspirator] Davis, with the objective of robbing it again because Barcliff believed that there were more drugs and money in the house. (*See id.* at 21–22; *see also* ECF No. 632 at 21 (Glenn test.).) The victim of that robbery, Lipscomb, admitted at trial that he is known in McDowell County, West Virginia, as a marijuana distributor, (ECF No. 749 at 46–47), which supports the notion that the group conspired to return to the residence to rob Lipscomb of more drugs. Lipscomb testified that the robbers, in fact, took from his home that day a small amount of marijuana, shoes, jewelry, a TV, and a PlayStation 3. (*Id.* at 57–58. *See also* ECF No. 675 at 1 (listing the Government's Exhibits 3–5, 7–8, and 10–18 as photos of various shoes); ECF No. 676-3, 676-4, 676-5 (Gov't Exs. 28-D, 28-E, 28-F) (text messages related to the stolen items).)

[Doc. 873 at 48]. The jury may well have properly attributed to Defendant Gillespie the Hobbs Act robbery of his co-conspirators on November 30, 2011, under the *Pinkerton* liability instructions. Speculation on the point is unnecessary, however, inasmuch as it is Defendant Gillespie's obligation to demonstrate that any error *resulted in his conviction*. *United States v. Hastings*, 134 F.3d 235, 243–44 (4th Cir. 1998). This he cannot do.

Based upon the foregoing discussion, Defendant Gillespie is not entitled to a vacatur on Count Six.

B.   **Count Twelve**

The analysis respecting Count Twelve is more straightforward. The jury found the Defendant guilty on Count Eleven, which alleged his commission of the March 22, 2012, Hobbs Act robbery, which qualifies categorically as a "crime of violence." The jury then made use of this predicate finding to additionally find the Defendant guilty of using a firearm during that crime of violence pursuant to § 924(c)(1)(A). There is no error, much less one of the plain variety.

**IV.**

Based upon the foregoing discussion, the Court **DENIES** the Defendant's Motion for Judgment of Acquittal and to Vacate His Convictions on Counts Six and Twelve of the Fifth Superseding Indictment [**Doc. 957**].

The Clerk is **DIRECTED** to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTERED:   February 3, 2021



Frank W. Volk
United States District Judge